## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

EDWARD ROBINSON, JR.,

               **Petitioner,**

**vs.**

DIANE SABATKA-RINE, Warden of
Nebraska State Penitentiary,

               **Respondent.**

**8:13CV197**

**ORDER**

    This matter is before the court on the petitioner's Motion for Leave to File Amended Petition for Writ of Habeas Corpus (Filing No. 33).  The petitioner filed a brief (Filing No. 34) in support of the motion.  The respondent filed an objection (Filing No. 35) and a brief (Filing No. 36), with evidence attached, in response.[1]  The petitioner filed a brief (Filing No. 37) in reply.

### BACKGROUND

    The petitioner was convicted of first degree murder and use of a firearm to commit a felony on November 15, 2004.  The Nebraska Supreme Court later affirmed the decision on direct appeal and denied a petition for post-conviction relief.  The petitioner, pro se, filed a petition for writ of habeas corpus, in this court, on July 2, 2013.  **See** Filing No. 1.  Twenty-one days later on July 23, 2013, the petitioner, still pro se, filed an amendment to the petition adding a ground not included in the original petition.  **See** Filing No. 4.  Although the petitioner sought appointment of counsel, the court initially denied his request.  **See** Filing No. 7.

    Thereafter the respondent filed the state court records and the parties briefed the issues raised in the amended petition.  **See** Filing Nos. 12-16, 21.  Prior to timely filing his brief, the petitioner sought an extension of time and again sought appointment of counsel.  **See** Filing Nos. 17, 19.  Despite the completion of briefing, the court granted the petitioner's second motion for appointment of counsel.  **See** Filing No. 23.  Such counsel was later granted leave to withdraw, when a conflict of interest came to light.

---

[1] Counsel is reminded the local rules expressly forbid filing an "Objection" with a brief opposing a motion.  **See** NECivR 7.1(b)(1)(A).  Similarly, the local rules expressly require counsel to file evidence in an index of evidence as a filing separate from the brief.  **See** NECivR 7.1(b)(2).

**See** Filing No. 27.  The petitioner's current counsel entered an appearance on August 27, 2014.  **See** Filing No. 28.  The court entered a progression order allowing the petitioner time until January 26, 2015, to file either an amended brief in support of the amended petition or a motion to amend the petition.  **See** Filing No. 32.

The petitioner timely filed the motion to amend seeking to add one additional ground for relief now that he is represented by legal counsel and based on evidence newly obtained by the petitioner.  Specifically, the petitioner argues the new evidence suggests a trial witness, Michael Whitlock (Whitlock), lied during trial when he testified the petitioner called Whitlock looking for the victim, stating, "I don't want to have to pop him."  The testimony, when the statement supporting the first degree murder conviction is eliminated, "establish[es] that [the petitioner] merely wanted to talk with the victim without any violent intentions."  **See** Filing No. 34 - Brief p. 3.  Accordingly, the petitioner argues the new evidence supports a claim of actual innocence.  *Id.* at 1.

The respondent opposes the amendment arguing the proposed changes are improper consequent to undue delay, prejudice, and futility.  **See** Filing No. 36 - Response p. 2.  Generally, the respondent contends it suffers prejudice due to any additional delay after the previous matters were fully briefed.  *Id.* at 2, 8-10.  Additionally, the respondent argues there is no claim of actual innocence, because if the changes to Whitlock's testimony are adopted, despite challenges to credibility, the most the petitioner may show is he was guilty of second degree murder or manslaughter.  *Id.* at 4-6.  Finally, the respondent argues the amendment is futile because the proposed amendment is unrelated to the issues raised in the earlier petition, placing the amendment outside the statute of limitations.  *Id.* at 7-8.

The petitioner denies the respondent will suffer any undue prejudice because the petitioner remains incarcerated and the changes to the petition are minimal, merely allowing the previously unrepresented petitioner an opportunity to set forth and argue his claims with the assistance of counsel.  **See** Filing No. 37 - Reply p. 7.  Further, the petitioner contends he should have the opportunity based on the law to raise the actual innocence claim, which rests on whether a reasonable factfinder could find him guilty of the underlying offense, rather than any offense as suggested by the respondent.  *Id.* at 3-4.  Additionally, the weight of the petitioner's evidence should not be resolved on a motion to amend.  *Id.* at 4-5.  Finally, the petitioner argues he has not caused undue

2

delay or exceeded the statute of limitations because the proposed new claim relates to the underlying issues, even though it is based on new evidence not previously available. *Id.* at 5-7.

## ANALYSIS

Under Federal Rule of Civil Procedure 15, a court should grant leave to amend freely "when justice so requires" and "to promote justice." *Plymouth County, Iowa v. Merscorp, Inc.*, 774 F.3d 1155, 1160 (8th Cir. 2014). However, "[a] district court may deny leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) (internal quotation and citation omitted). The party opposing the amendment has the burden of demonstrating the amendment would be unfairly prejudicial. *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001); *see Hanks v. Prachar*, 457 F.3d 774, 775 (8th Cir. 2006). There is no absolute right to amend. *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012). Whether to grant a motion for leave to amend is within the sound discretion of the district court. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). These rules apply equally to a motion to amend petition for writ of habeas corpus. *Moore-El v. Luebbers*, 446 F.3d 890, 901-02 (8th Cir. 2006).

"If a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." *Id.* (**citing** Fed. R. Civ. P. 16(b)); **see** *Hartis*, 694 F.3d at 948. Moreover, "if the reason for seeking the amendment is apparent before the deadline and no offsetting factors appear, the Rule 16 deadline must govern." *Financial Holding Corp. v. Garnac Grain Co.*, 127 F.R.D. 165, 166 (W.D. Mo. 1989). In addition to the good cause requirement, "on motion made after the time has expired," the court may extend time "if the party failed to act because of excusable neglect." **See** Fed. R. Civ. P. 6(b)(1)(B). Additionally, the court may consider whether the "late tendered amendments involve new theories of recovery and impose additional discovery requirements." *Popoalii*, 512 F.3d at 497.

The petitioner's motion to amend is within the court's deadline; however, the respondent contends the petitioner, nevertheless, causes undue delay because the

initial amended petition has been fully briefed. The court finds good cause exists to justify the timing of the petitioner's motion to amend. The timing of the motion to amend stems more from the court's appointment of counsel and previously unavailable evidence than from the petitioner's conduct. In contrast, the respondent has failed to sustain her burden of showing unfair prejudice caused by the delay or proposed amendment. The respondent fails to show any specific harm or prejudice would result from allowing the petitioner's attorney to fully present and argue the claims. The parties will have time to complete briefing, which is substantially completed already.

In the present case, the respondent has failed to carry her burden of establishing leave to amend would be futile. The respondent argues the petitioner cannot establish the factual basis to sustain the claim. However, likelihood of success on the new claim or defense is not a consideration for denying leave to amend unless the claim is clearly meritless. **See** *Plymouth County*, 774 F.3d at 1160; *Gamma-10 Plastics, Inc. v. American President Lines*, 32 F.3d 1244, 1255 (8th Cir. 1994). The court notes the petitioner cited some authority in support of his position. While the petitioner may or may not prevail on this issue, the issue should be determined on the merits.

Upon consideration, the court finds the petitioner has demonstrated good cause for allowing him to amend the petition. Therefore, the respondent's objections are overruled and the petitioner will be allowed to amend his petition as requested. Accordingly,

**IT IS ORDERED**:

1.    The petitioner's Motion for Leave to File Amended Petition for Writ of Habeas Corpus (Filing No. 33) is granted. The petitioner shall have until **February 27, 2015**, to file the Amended Petition.

2.    The respondent's Objection to Motion to File Second Amended Petition (Filing No. 35) is overruled.

Dated this 17th day of February, 2015.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

4