**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

**EDWARD ROBINSON, JR.,**

          **Petitioner,**

    **vs.**

**DIANE SABATKA-RINE, Warden of
Nebraska State Penitentiary,**

          **Respondent.**

        **8:13CV197**

        **ORDER**

       This matter is before the court on the petitioner's, Edward Robinson, Jr. (Robinson), Motion for Evidentiary Hearing (Filing No. 45).  The petitioner filed a brief (Filing No. 46) in support of the motion.  The respondent, Diane Sabatka-Rine, filed an Objection to Motion for Evidentiary Hearing (Filing No. 48) in response.  The petitioner filed a brief (Filing No. 50) in reply.

## BACKGROUND

       On November 15, 2004, Robinson was convicted of first degree murder and use of a firearm to commit a felony.  As relevant to the instant motion, during trial Michael Whitlock (Whitlock) testified about phone calls he had with Robinson on the day of the murder.  Specifically, Whitlock testified,

> [Robinson] just said -- he asked where [the victim] was at and I was like, I don't know.  He was like, Well, [the victim] came by my girl house trippin' and callin' her all out of her name and disrespecting her, and I'm looking for him.  I was like, Well, I can't give you the number, but I'll call you back.

*See* Filing No. 14-1 - Trial Tr. p. 45:9-14.[1]  Ten to fifteen minutes later, Whitlock testified he received another call from Robinson, "Well, when [Robinson] called, I said, Hello. He was like, Man, your cousin[, the victim,] wrong for coming by my house disrespecting my girl like that.  You don't go by nobody house and disrespecting.  And then he was like, I don't want to have to pop him."  *Id.* at 49:10-14.  During a third phone conversation, Whitlock testified the following exchange with Robinson occurred,

---

[1]  The court's citation to page 45 coincides with the CM/ECF pagination on the cited document.

"[Robinson] said, Are you with [the victim]?  And I said, What?  And he said, Is you with your boy?  Is you in that Impala?  And then I said, No." *Id.* at 51:3-5.  Four to five minutes later, Whitlock received a call the victim had been shot in what Whitlock identified as the victim's Impala. *Id.* at 35:12 - 36:7, 53:5-6.

Following an appeal, the Supreme Court of Nebraska affirmed Robinson's conviction and later denied a petition for post-conviction relief.   In addressing Robinson's challenge to his conviction for first degree murder, the Supreme Court of Nebraska concluded "there [was] sufficient evidence to support the conclusions that the defendant killed the victim and that he committed the killing with deliberate and premeditated malice." *State v. Robinson*, 724 N.W.2d 35, 74 (Neb. 2006).   The Supreme Court of Nebraska relied, in part, on the statement Robinson made that he did not want to have to "pop" the victim. *Id.*  The Supreme Court of Nebraska reasoned the "statement could easily be interpreted as a reference to killing the victim and, while not conclusive, supports an inference that the defendant was contemplating the possibility of killing the victim well before their actual confrontation." *Id.*  Additionally, the court relied on Whitlock's testimony wherein he "indicates that the defendant was angry with the victim and had been searching for the victim, suggesting both a motive and a deliberate intent to confront the victim and perhaps to kill him." *Id.*

Robinson subsequently filed a petition for writ of habeas corpus in this court.  **See** Filing No. 1 - Petition; Filing No. 39 - Amended Petition.  Robinson now requests an evidentiary hearing to expand the record pursuant to 28 U.S.C. § 2254(e)(2).  **See** Filing No. 45 - Motion.   Robinson seeks to develop facts that demonstrate Robinson is actually innocent of first degree murder.  **See** Filing No. 46 - Brief p. 2.  The new evidence is an August 8, 2014, affidavit from Whitlock, which Robinson received in August 2014. *Id.*; **see** Filing No. 36-1 - Whitlock Aff.  Whitlock's handwritten affidavit provides:

> I Michael Whitlock am writing this affidavit to let the state and anybody else it may concern, that the statements about this case that the statement that I made was not wat [sic] I actually [sic] said, the state took my words and turned them around, I never said that Eddie Robinson did what he was accused of.  Yes he did call my phone the nite [sic] of the incident, yes I did talk to him, but he never said that he

> was going to hurt somebody, he jus [sic] wanted to talk it out.
> During the time of the trial, I was under arrest of the Federal
> Goverment [sic], and was told that if I said wat [sic] they
> wanted me to say that I may get a time cut on my sentence,
> at that time the Feds said I was looking at 24yrs, which was
> not true because I ended up pleading out to 12yrs 7 months,
> but I never got a time reduction [sic], I did my full time, the
> prosetor [sic] on the case never contacted me or my family
> and like I said I never got a time cut I did all my time.  For the
> record, Eddie Robinson never told me on the phone that he
> was going to kill Herb Faint, he jus [sic] said that he jus [sic]
> wanted to talk to him.

**See** Filing No. 36-1 - Whitlock Aff.

Robinson argues Whitlock's affidavit recants Whitlock's trial testimony, explaining Robinson never actually made the statement, "I don't want to have to pop him."  **See** Filing No. 46 - Brief p. 2-4.  Robinson contends the Supreme Court of Nebraska solely relied upon Whitlock's testimony in affirming Robinson's conviction for first degree murder and without this evidence, no reasonable juror could have found Robinson guilty of first degree murder beyond a reasonable doubt.  *Id.*  Instead, Robinson argues the evidence only supports a finding of manslaughter.  *Id.*  Robinson asserts he could not have previously discovered Whitlock's recantation and has met the threshold for an evidentiary hearing under § 2254(e)(2).  *Id.*

The respondent argues the proffered evidence does not approach the quantum of proof necessary to show actual innocence and therefore this court should deny the motion.  **See** Filing No. 48 - Response.  The respondent contends the affidavit, which raises the question whether Whitlock lied at trial or is lying now, is hardly enough to meet the high threshold of proof necessary to demonstrate actual innocence.  *Id.* at 5.  The respondent asserts the affidavit is suspect because it comes in existence ten years after Whitlock's testimony, it contains hearsay about an alleged agreement between Whitlock and the prosecution, and it demonstrates Whitlock's dissatisfaction with his federal court case motivated Whitlock's allegations.  *Id.* at 5-6.  The respondent contends the evidence presented at trial, even when considered along with Whitlock's late impeachment evidence, supports Robinson's conviction.  *Id.* at 6-8.

In reply, Robinson reiterates he acted diligently, which the respondent has not contested, and Whitlock's affidavit shows Robinson is actually innocent of first degree

murder. **See** Filing No. 50 - Reply 1-9. Robinson clarifies to succeed on his claim of actual innocence he need only demonstrate he is actually innocent of first degree murder, not of any other offense. **Id.** Robinson contends there is no authority to support the conclusion factual guilt of a separate offense would be grounds to enforce the conviction based on the charged crime. **Id.** Robinson further argues Whitlock's recantation leaves insufficient evidence of premeditation and deliberation, thus no reasonable juror could have convicted him of first degree murder. **Id.** at 9-15.

## ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), "a petitioner seeking an evidentiary hearing must show diligence and, in addition, establish [the petitioner's] actual innocence by clear and convincing evidence." ***McQuiggin v. Perkins***, 133 S. Ct. 1924, 1934 (2013) (**citing** 28 U.S.C. § 2254(e)(2)(A)(ii), (B)). Specifically, 28 U.S.C. § 2254 sets forth the following requirements:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>> (A) the claim relies on--
>>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

"Although state prisoners may sometimes submit new evidence in federal court, AEDPA's statutory scheme is designed to strongly discourage them from doing so." ***Cullen v. Pinholster***, 131 S. Ct. 1388, 1401 (2011); **see also *Cole v. Roper***, 623 F.3d 1183, 1192 (8th Cir. 2010) ("AEDPA dictates that an evidentiary hearing may only be held in extremely limited circumstances when the factual basis for a claim was not

developed in state court."). Failure to develop means "there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." ***Williams v. Taylor***, 529 U.S. 420, 432 (2000). "[T]he decision to grant . . . a [28 U.S.C. § 2254(e)(2)] hearing rests in the discretion of the district court." ***Williams v. Norris***, 576 F.3d 850, 860 (8th Cir. 2009) (**quoting *Schriro v. Landrigan***, 550 U.S. 465, 468 (2007)).

AEDPA bars an evidentiary hearing unless Robinson can satisfy both § 2254(e)(2)(A) and (B). Here, the requirement under 28 U.S.C. § 2254(e)(2)(A)(ii) is satisfied. Robinson could not have discovered the affidavit considering Whitlock did not come forth with the affidavit until ten years after his trial testimony. The court's inquiry thus centers on 28 U.S.C. § 2254(e)(2)(B), that is, whether "by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense" in light of the new evidence. The court finds Robinson has not met this high standard and therefore is not entitled to an evidentiary hearing.

There are several problems with Whitlock's affidavit. First and foremost, Whitlock's affidavit does not recant his trial testimony. Whitlock's supposed repudiation of his testimony is essentially made in the following four statements:

1. "I never said that Eddie Robinson did what he was accused of"
2. "[Eddie Robinson] never said that he was going to hurt somebody, he jus [sic] wanted to talk it out"
3. "For the record Eddie Robinson never told me on the phone that he was going to kill [the victim]"
4. "[Eddie Robinson] jus [sic] said that he jus [sic] wanted to talk to [the victim]"

**See** Filing No. 36-1 - Whitlock Aff. ¶¶ 2-3, 5. These averments do not recant Whitlock's trial testimony but instead corroborate his testimony. Regarding the fourth statement Whitlock made in his affidavit, Whitlock testified during trial that he initially told the police he thought, based on the phone calls with Robinson, "[Robinson] and [the victim] were going to have just a conversation." **Compare** Filing No. 14-1 - Trial Tr. 77:11-17 **with** Filing No. 36-1 - Whitlock Aff. ¶ 5. Thus, Whitlock's affidavit and trial testimony are in

accord with each other and the jury was aware of Whitlock's understanding of his phone conversations with Robinson.

Regarding Whitlock's first, second, and third statements, Whitlock never testified Robinson murdered the victim or Robinson said he would kill the victim. Whitlock cannot recant nonexistent testimony. During trial, Whitlock generally testified about his whereabouts on the day of the murder, his relationship with Robinson and the victim, and phone conversations he had with Robinson. **See** Filing No. 14-1 - Trial Tr. p. 31 - 82. Robinson contends Whitlock's affidavit recants Whitlock's trial testimony that Robinson stated, "I don't want to have to pop [the victim]." Instead of recanting this testimony, Whitlock seems to disagree with how the state interpreted this testimony. Whitlock claims "the statements about this case that the statement that I made was not wat [sic] I actully [sic] said, the state took my words and turned them around[.]" **See** Filing No. 36-1 - Whitlock Aff. ¶¶ 1-2. Assuming Whitlock's affidavit refers to Whitlock's testimony quoting Robinson to have said, "I don't want to have to pop him," Whitlock's disagreement with the state's characterization of his testimony neither recants trial testimony nor supplies new evidence. Regardless, as the Supreme Court of Nebraska noted, the statement "I don't want to have to pop him," "could easily be interpreted as a reference to killing the victim" and the jury could have made such an inference. **See** ***Robinson***, 724 N.W.2d at 74. Even assuming the jury considered this statement an explicit reference to killing the victim and Whitlock recants this testimony, excising the testimony would not undermine Robinson's conviction. Additional evidence supports a finding a premeditation. Specifically, the Supreme Court of Nebraska noted "Whitlock's testimony also indicates that the defendant was angry with the victim and had been searching for the victim, suggesting both a motive and a deliberate intent to confront the victim and perhaps to kill him." ***Id.*** Whitlock's affidavit does not recant any testimony Robinson was angry with and looking for the victim. **See** Filing No. 36-1 - Whitlock Aff. ¶¶ 2-3. Therefore, sufficient evidence remained for a reasonable juror to find Robinson guilty of first degree murder.

Second, Whitlock provided his problematic affidavit ten years after his trial testimony. Timing alone makes the affidavit suspect. **See *McQuiggin***, 133 S. Ct. at 1935 ("[A] court may consider how the timing of the submission and the likely credibility

of [a petitioner's] affiants bear on the probable reliability of . . . evidence [of actual innocence].") (second and third alterations in original) (**quoting *Schlup v. Delo***, 513 U.S. 298, 332 (1995); ***Herrera v. Collins***, 506 U.S. 390, 417-19 (1993) (indicating affidavits in general, and especially affidavits coming eight years after a petitioner's trial, are suspect).  Whitlock did not explain why he waited ten years to come forth with the affidavit.

Third, Whitlock's affidavit contains allegations about a deal with a federal prosecutor.  Robinson has not proffered any evidence of this alleged deal, absent Whitlock's comments in his affidavit, which is suspect considering this affidavit obviously places Whitlock's credibility in question.  Interestingly, during his trial testimony, Whitlock testified he was not told federal prosecutors would consider his testimony for downward departure of his federal sentence.  **See** Filing No. 14-1 - Trial Tr. p. 79:15-19. Whitlock testified he "wouldn't mind" if his testimony helped him get a downward departure, "but [he] doubt[ed] it" would help.  ***Id.*** at 79:20 - 80:2.  The existence of any alleged deal is doubtful, at best.  Even if a deal existed and Whitlock "was told that if I said wat [sic] [federal prosecutors] wanted me to say that I may get a time cut on my sentence," Whitlock never testified Robinson murdered the victim or Robinson said he would kill the victim.

Lastly, Whitlock's apparent motivation differs from that described by Robinson. Robinson suggests Whitlock came forth to bring the truth to light; however, Whitlock never stated this in his affidavit.  Instead, Whitlock complains about never receiving a time reduction for a crime he "plead[ ] out to[.]"  **See** Filing No. 36-1 - Whitlock Aff. ¶¶ 3-5.  The motivation behind the affidavit appears to be his dissatisfaction with federal prosecutors and the fact Whitlock had to serve all of his time.  Whitlock's affidavit presents the possibility Whitlock is lying about an alleged arrangement to provide false testimony to retaliate against federal prosecutors for his displeasure with his sentence, which diminishes the affidavit's integrity and value.

While this affidavit raises credibility questions, the evaluation of Whitlock's credibility during trial is not properly before this court.  **See *Perry v. Kemna***, 356 F.3d 880, 885 (8th Cir. 2004) ("Federal habeas review 'gives federal courts no license to redetermine [the] credibility of witnesses whose demeanor has been observed by the

state trial court, but not by them.'") (**quoting *Marshall v. Lonberger***, 459 U.S. 422, 434 (1983) (alteration in original)); ***Robinson***, 724 N.W.2d at 73 ("The credibility and weight of witness testimony is for the jury to determine, and witness credibility is not to be reassessed on appellate review.").   Nevertheless, the jury had ample evidence to evaluate Whitlock's credibility.  **See, e.g.**, Filing No. 14-1 - Trial Tr. 76:15 - 77:16 (testifying Whitlock did not immediately inform officers of the phone calls with Robinson and Whitlock "felt that [Robinson] and [the victim] were going to have just a conversation); 80:3-11 (testifying about a felony conviction); and 80:12-16 (testifying about a conviction for giving false testimony on two occasions).

Based on these issues, Whitlock's affidavit does not approach the standard of "clear and convincing" evidence that but for constitutional error, no reasonable factfinder would have found Robinson guilty of first degree murder.  Accordingly,

**IT IS ORDERED**:

1.     The petitioner's Motion for Evidentiary Hearing (Filing No. 45) is denied.

2.     The respondent's Objection to Motion for Evidentiary Hearing (Filing No. 48) is sustained.

## ADMONITION

Pursuant to NECivR 72.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order.  Failure to timely object may constitute a waiver of any objection.  The brief in support of any objection shall be filed at the time of filing such objection.  Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 15th day of May, 2015.

BY THE COURT:

 s/ Thomas D. Thalken
United States Magistrate Judge