IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

EDWARD ROBINSON, JR.,

        Plaintiff,

   v.

DIANE SABATKA-RINE, Warden of Nebraska State Penitentiary;

        Defendant.

8:13CV197

MEMORANDUM AND ORDER

      This matter is before the Court on petitioner's motion for an evidentiary hearing. Filing No. 45, and on petitioner's objections, Filing No. 52, to the magistrate's order, Filing No. 51. Petitioner filed this case seeking habeas corpus relief in this court, arguing new evidence shows he is innocent of first degree murder. The magistrate judge determined that petitioner was not entitled to an evidentiary hearing. Petitioner objected to each finding of the magistrate judge. This Court will review these findings de novo. See 28 U.S.C. § 636.

      In 2004 petitioner was convicted on first degree murder and use of a firearm to commit a felony in Nebraska state court. During trial, a primary witness, Michael Whitlock testified regarding phone calls he had with Robinson on the day of the murder. Robinson was quite upset about the victim's disrespectful comments made to Robinsons' girlfriend. The jury convicted Robinson of first degree murder, and the Supreme Court affirmed, based in part on Whitlock's testimony. *State v. Robinson,* 724 N.W.2d 35, 74-75 (Neb. 2006) (finding the murder deliberate and with premeditated malice).

The new evidence is an August 8, 2014, affidavit from Whitlock, which Robinson received in August 2014. Filing No. 36-1 - Whitlock Aff. Whitlock's handwritten affidavit provides:

> I Michael Whitlock am writing this affidavit to let the state and anybody else it may concern, that the statements about this case that the statement that I made was not wat [sic] I actully [sic] said, the state took my words and turned them around, I never said that Eddie Robinson did what he was accused of. Yes he did call my phone the nite [sic] of the incident, yes I did talk to him, but he never said that he was going to hurt somebody, he jus [sic] wanted to talk it out. During the time of the trial, I was under arrest of the Federal Goverment [sic], and was told that if I said wat [sic] they wanted me to say that I may get a time cut on my sentence, at that time the Feds said I was looking at 24yrs, which was not true because I ended up pleading out to 12yrs 7 months, but I never got a time reduction [sic], I did my full time, the prosetor [sic] on the case never contacted me or my family and like I said I never got a time cut I did all my time. For the record, Eddie Robinson never told me on the phone that he was going to kill Herb Faint, he jus [sic] said that he jus [sic] wanted to talk to him.

Filing No. 36-1 - Whitlock Aff. Robinson contends this affidavit only supports a finding of manslaughter.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), "a petitioner seeking an evidentiary hearing must show diligence and, in addition, establish [the petitioner's] actual innocence by clear and convincing evidence." *McQuiggin v. Perkins,* 133 S. Ct. 1924, 1934 (2013) (citing 28 U.S.C. § 2254(e)(2)(A)(ii), (B)). Specifically, 28 U.S.C. § 2254 sets forth the following requirements:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> > (A) the claim relies on--
> > > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

"Although state prisoners may sometimes submit new evidence in federal court, AEDPA's statutory scheme is designed to strongly discourage them from doing so." Cullen v. Pinholster, 131 S. Ct. 1388, 1401 (2011); see also Cole v. Roper, 623 F.3d 1183, 1192 (8th Cir. 2010) ("AEDPA dictates that an evidentiary hearing may only be held in extremely limited circumstances when the factual basis for a claim was not developed in state court."). Failure to develop means "there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." Williams v. Taylor, 529 U.S. 420, 432 (2000). "[T]he decision to grant . . . a [28 U.S.C. § 2254(e)(2)] hearing rests in the discretion of the district court." Williams v. Norris, 576 F.3d 850, 860 (8th Cir. 2009) (quoting Schriro v. Landrigan, 550 U.S. 465, 468 (2007)).

The magistrate judge found that the:

> AEDPA bars an evidentiary hearing unless Robinson can satisfy both § 2254(e)(2)(A) and (B). Here, the requirement under 28 U.S.C. § 2254(e)(2)(A)(ii) is satisfied. Robinson could not have discovered the affidavit considering Whitlock did not come forth with the affidavit until ten years after his trial testimony. The court's inquiry thus centers on 28 U.S.C. § 2254(e)(2)(B), that is, whether "by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense" in light of the new evidence. The court finds Robinson has not met this high standard and therefore is not entitled to an evidentiary hearing.

Filing No. 51, at 5.

3

The magistrate judge reviewed the evidence at trial as well as the new affidavit. The magistrate judge concluded that the new affidavit did not recant any of the testimony given by Whitlock in the first trial, and in fact, it supported most of the testimony in that case. Further, the Nebraska Supreme Court determined that "Whitlock's testimony also indicates that the defendant was angry with the victim and had been searching for the victim, suggesting both a motive and a deliberate intent to confront the victim and perhaps to kill him." Robinson, 724 N.W.2d at 74. In addition, the magistrate judge found:

> Second, Whitlock provided his problematic affidavit ten years after his trial testimony. Timing alone makes the affidavit suspect. See McQuiggin, 133 S. Ct. at 1935 ("[A] court may consider how the timing of the submission and the likely credibility of [a petitioner's] affiants bear on the probable reliability of . . . evidence [of actual innocence].") (second and third alterations in original) (quoting Schlup v. Delo, 513 U.S. 298, 332 (1995); Herrera v. Collins, 506 U.S. 390, 417-19 (1993) (indicating affidavits in general, and especially affidavits coming eight years after a petitioner's trial, are suspect). Whitlock did not explain why he waited ten years to come forth with the affidavit.

Filing No. 51, at 6-7. Next, the magistrate judge noted that while Robinson claims his initial testimony was given in hopes of a deal with a federal prosecutor, this testimony conflicted with his trial testimony regarding the unlikely downward departure for his testimony. Further, there is no evidence of any such deal. Part of Whitlock's motivation now, found the magistrate, appears to be his dissatisfaction and displeasure with his federal sentence. Finally, stated the magistrate judge, it is not the court's prerogative in a federal habeas case to re-determine credibility. Perry v. Kemna, 356 F.3d 880, 885 (8th Cir. 2004).

The petitioner objects to each of these findings. However, after careful review, the Court agrees with all the findings and conclusions of the magistrate judge. The Court finds the magistrate judge is correct in his analysis of the facts and the law. The new affidavit does not show Robinson was guilty of anything but first degree murder. The affidavit does not recant Whitlock's testimony. The Court is not permitted to re-determine Whitlock's credibility in this case. There is clearly additional evidence that supports a finding of deliberate premeditation in addition to Whitlock's disputed testimony. For these reasons, the Court will adopt the magistrate judge's order in its entirety.

THEREFORE, IT IS ORDERED THAT:

1. Plaintiff's objections, Filing No. 52, are overruled;

2. Plaintiff's motion for an evidentiary hearing, Filing No. 45, is denied;

3. The order of the magistrate judge, Filing No. 51, is adopted in its entirety.

Dated this 10th day of July, 2015

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge